1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DEWAYNE G. THOMAS,

11            Plaintiff,                    No. CIV S-10-1295 JAM EFB P

12        vs.

13   NANGALAMA, et al.,

14            Defendants.                   <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action

17   brought under 42 U.S.C. § 1983.  He is proceeding on his May 25, 2010 complaint in which he

18   alleges that defendants Bal and Nangalama ("defendants") were deliberately indifferent to his

19   serious medical needs in violation of the Eighth Amendment.  Specifically, he alleges that the

20   defendants refused, for six months, to provide pain medication for his testicular, scrotal and

21   penile pain, and denied him a referral to a urologist.  Currently pending are defendants' motion

22   to compel (Docket No. 25) and motion for summary judgment (Docket No. 32).  For the reasons

23   provided below, defendants' motion to compel is granted in part and their motion for summary

24   judgment is denied without prejudice.

25   ////

26   ////

## I.      Motion to Compel

On May 20, 2011, defendants timely moved for an order compelling plaintiff to provide further responses to their interrogatories.  Dckt. No. 25; *see also* January 31, 2011 Discovery and Scheduling Order, Dckt. No. 16.  Defendants contend that plaintiff provided deficient responses to: (1) Bal's first set of interrogatories, numbers 7-25; and (2) Nangalama's first set of interrogatories, numbers 4, and 7-8.  *Id.*  Defendants also request attorney's fees in the amount of $1,225 on the grounds that plaintiff's failure to comply with the discovery process was not justified.  *Id.*  On June 7, 2011, plaintiff filed a statement of non-opposition to defendants' motion.  Dckt. No. 28.  Plaintiff states that he is uneducated in the law, and that he reasonably believed his discovery responses were sufficient.  *Id.*  Plaintiff states that after receiving defendants' motion to compel, however, he agreed that his responses were insufficient, and served supplemental responses.  *Id.*  On June 8, 2011, defendants filed a reply, arguing that their motion to compel should be granted because plaintiff's supplemental responses are still evasive and incomplete and are tantamount to no response at all.  Dckt. No. 29.

Rule 33(b) of the Federal Rules of Civil Procedure ("Rule") provides that the party responding to an interrogatory must answer by stating the appropriate objection(s) with specificity or by "answer[ing] separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3), (4).  Rule 37(a) provides that the interrogating party may move to compel an answer when a party fails to answer an interrogatory, or when the answer provided is evasive or incomplete.  Fed. R. Civ. P. 37(a)(3)(B)(iii), (a)(4).

Defendants argue that plaintiff's responses to their interrogatories are evasive and incomplete because plaintiff (1) did not answer with written facts, but rather, incorporated by reference documents that he did not produce, (2) stated that he has "personal knowledge" of facts to support his claims, but never stated what those facts are, and (3) lists names of witnesses that he contends have personal knowledge, but provides no facts regarding the personal knowledge of those witnesses.

A.   **Bal's Interrogatories 7-25**[1]

1.   <u>**Plaintiff Must "Fully" Answer Interrogatories 7 and 8**</u>

Interrogatories 7 and 8 sought "all facts" that plaintiff claims support certain allegations in the complaint.  Plaintiff initially responded that his "administrative grievance appeal," or "medical records" included such facts.[2]  *Id.*  As plaintiff concedes, these responses are insufficient, as defendants requested facts, not documents.  *See United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 650 (C.D. Cal. 2007) ("It is well established that an answer to an interrogatory must be responsive to the question.  It should be complete in itself and should not refer to the pleadings, or to depositions or other documents … at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.") (citation and quotes omitted).  It is not defendants' responsibility to try to identify which specific documents plaintiff is referring to, and then comb through those documents looking for any facts that they believe support plaintiff's claims.  *See Mancini v. Ins. Corp.*, 2009 U.S. Dist. LEXIS 5132, at *7 (S.D. Cal. June 18, 2009) ("Plaintiffs have not provided any justification for why the burden of reviewing the documents to identify where the answers can be found should be shifted to [defendant]."); Fed. R. Civ. P. 33(b)(3).

In his supplemental responses, plaintiff stated that either he or certain witnesses have personal knowledge to support the relevant allegations, and that he could prove the allegations with direct and circumstantial evidence.  These are also insufficient responses.  If the facts that plaintiff contends support his allegations are memorialized in documents, or are known to

---

[1] Bal's interrogatories, and plaintiff's responses are included as Exhibits A and B to counsel's declaration submitted with defendants' motion to compel.  *See* Dckt. No. 25, Exs. A, B.  Plaintiff's supplemental responses are included in defendants' reply brief.  *See* Dckt. No. 29.

[2] In certain circumstances, the responding party may answer by specifying responsive records "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."  Fed. R. Civ. P. 33(d) (titled "Option to Produce Business Records").  However, this exception is limited to business records, which do not appear to be at issue in this case.

plaintiff or his witnesses, plaintiff must do more than just refer to those documents or claim that somebody has personal knowledge of these undisclosed facts.  To answer "fully," as required by Rule 33(b)(3), plaintiff must actually state what the material facts are that support the allegations identified in Bal's interrogatories.

## 2. Plaintiff Must "Fully" Answer Interrogatories 9, 11-12, 16-17, 19-21, and 23-25

Interrogatories 9, 11, 12, 16-17, 19, 20, 21, 23, 24, and 25, also sought "all facts" that plaintiff claims support certain allegations in the complaint.  Plaintiff initially responded that facts would be set forth in a "declaration under penalty of perjury that may follow," or by referring to other documents.  As discussed above, plaintiff's reference to other documents is insufficient.  Although plaintiff answered some of these interrogatories with facts, he did not answer any of them fully because he also answered, without further explanation, that he and/or other individuals are "aware of facts" or can testify about facts that plaintiff claims support the relevant allegations.  Plaintiff cannot simply generalize that there are facts that support his claim and not specifically identify those facts.

For example, interrogatory 9 sought all facts that plaintiff contends support his allegation that on March 29, 2009, he experienced pain, dizziness, and headaches.  Plaintiff answered that he "is aware of facts to support the allegations," but did not state what those facts are.  Plaintiff must answer by directly stating the material facts that support the allegation, not by just stating that he is aware of unspecified facts without describing those them.  If plaintiff has personal knowledge of facts supporting his allegation that he experienced pain, dizziness, and headaches on March 29, 2009, because on March 29, 2009, he actually experienced these symptoms or because he subsequently reported these symptoms either orally or in writing to a specific person on a specific date, he must say so in a verified response.

Plaintiff must fully answer these interrogatories by actually stating what the material facts are that support the allegations identified in Bal's interrogatories.

3.     **Plaintiff's Answers to Interrogatories 10, 13-15, 18, and 22 Are Sufficient**

Interrogatories 10, 13, 14, 15, 18 and 22 also sought all facts that plaintiff contends support certain allegations in the complaint.  Defendants argue that plaintiff's supplemental responses to these requests are insufficient because plaintiff again referred to "personal knowledge" without describing any actual facts.  Dckt. No. 29. at 13.  Defendants do not argue that the supplemental responses are otherwise deficient.

Plaintiff answered interrogatories 10, 13, 14, 15, and 22 by stating that he is personally aware of facts to support the relevant allegations.  However, he also stated what those facts are as to these interrogatories.  *See, e.g.* Suppl. Resp. to Interrog. No. 10, Dckt. No. 29 at 4 ("Responding party himself is personally aware of facts to support the allegations in paragraph 18 of his lawsuit that on April 8, 2009, he complained to Nangalama that he was in pain because responding party was a witness of his own self reporting of his pain.").  Additionally, plaintiff's response to interrogatory 18 did not merely reference plaintiff's claimed awareness or personal knowledge of undisclosed facts.  Rather, in interrogatory 18, Bal asked plaintiff for all facts that plaintiff contends support his allegation that he provided certain information to Nangalama on July 9, 2009.  Plaintiff fully answered by stating that he "and defendant Nangalama [were] the only witnesses to [plaintiff's] July 9, 2009 statement."  Defendant's motion to compel plaintiff's responses to these interrogatories is therefore denied.

B.     **Nangalama's Interrogatories 4, 7-8**[3]

1.     **Plaintiff Must "Fully" Answer Interrogatories 4 and 7**

Interrogatory 4 sought all facts that plaintiff claims supports his contention that Nangalama delayed plaintiff's medical care.  In his supplemental response, plaintiff included

---

[3] Nangalama's interrogatories, and plaintiff's responses are included as Exhibits C and D to counsel's declaration submitted with defendants' motion to compel.  *See* Dckt. No. 25, Exs. C, D.  Plaintiff's supplemental responses are included in defendants' reply brief.  *See* Dckt. No. 29.

only names of witnesses, but no facts.  Plaintiff must fully answer the interrogatory with facts,
not just names of witnesses, that he contends support his contention that Nangalama denied him
medical care.

Interrogatory No. 7 sought all facts that plaintiff claims supports his contention that at all
times relevant to plaintiff's lawsuit, Nangalama did not provide him with medically appropriate
care.  In his supplemental response, plaintiff objected to the use of the phrase "at all times
relevant to [plaintiff's] lawsuit," as vague.  The objection is overruled.  The times relevant to
plaintiff's lawsuit are clear, and are alleged by plaintiff in the complaint.  *See* Dckt. No. 1
(approximately mid-March 2009 through February 2010).

Plaintiff also responded to interrogatory No. 7 as follows: "As a non-physician it was
personally known by myself and Nangalama that the failure to treat the known and/or suspected
pain of a prisoner was not medically appropriate care."  Dckt. No. 29 at 12.  Interrogatory No. 7
sought all facts that plaintiff claims supports his contention that Nangalama did not provide him
appropriate medical care.  Plaintiff's response is not sufficient.  It does not include facts that
support his contention that Nangalama did not provide him with medically appropriate care.
Rather, it merely asserts only that plaintiff and Nangalama knew that it was medically
inappropriate to fail to treat a prisoner in pain.  Plaintiff must fully answer the interrogatory with
facts supporting his claim that Nangalama did not provide him with medically appropriate care.

### 2.   **Plaintiff's Answer to Interrogatory 8 Is Sufficient**

Interrogatory No. 8 sought all facts that plaintiff claims supports his contention that at all
times relevant to plaintiff's lawsuit, Nangalama did not provide him with continuos treatment.
Plaintiff again objected to the use of "at all times relevant to [plaintiff's] lawsuit," as vague.   As
discussed, that objection is overruled.  Plaintiff also responded as follows: "Nangalama did not
provide continuous treatment for the bodily pains that I had been seeking treatment for until and
after the date of November 24, 2009."  Dckt. No. 29 at 12.  Defendants do not argue why this
answer is deficient.  The response appears to be a factual contention by plaintiff that this

1  defendant did not provide the disputed treatment until November 24, 2009.  Thus, the court finds

2  that plaintiff fully answered interrogatory No. 8 and defendant's motion to compel plaintiff's

3  response to this interrogatory is denied.

4           **C.       Request for Monetary Sanctions**

5           Defendants seek attorney fees for bringing the motion to compel.  The request is denied.

6  Due to plaintiff's in forma pauperis status, *see* Dckt. No. 7, the court declines to issue an award

7  of monetary sanctions at this time.  However, if plaintiff refuses to participate in the discovery

8  process, defendants may again seek sanctions against him.  *See* Fed. R. Civ. P. 37(b)(2)(A); *see*

9  *also* Fed. R. Civ. P. 41(b); *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051,

10 1056-57 (9th Cir. 1998); *Henry v. Gill Indus.*, 983 F.2d 943, 946, 948 (9th Cir. 1993).  Plaintiff

11 is cautioned that a failure to comply with this order may result in the imposition of sanctions,

12 including terminating sanctions dismissing this case.

13 **II.    Motion for Summary Judgment**

14          Because the court is granting defendants' motion to compel in part and is ordering

15 plaintiff to produce to defendants additional discovery, the court will deny defendants' pending

16 motion for summary judgment without prejudice.

17 **III.   Order**

18          Accordingly, it hereby is ORDERED that:

19          1.  Defendants' May 20, 2011 motion to compel (Dckt. No. 25) is granted in part as

20 follows, and is otherwise denied:

21                  a.  Within 30 days of the date of this order, plaintiff shall provide to defendant Bal

22 supplemental responses to Bal's First Set of Interrogatories, numbers 7-9, 11-12, 16-17, 19-21,

23 and 23-25, as provided in this order.

24                  b.  Within 30 days of the date of this order, plaintiff shall provide to defendant

25 Nangalama supplemental responses to Nangalama's First Set of Interrogatories, numbers 4 and

26 7, as provided in this order.

c.  Within 30 days of receipt of plaintiff's supplemental discovery responses ordered herein, defendants shall file any necessary motion to compel with regard to such supplemental responses.

2.  Defendants' August 12, 2011 motion for summary judgment (Dckt. No. 32) is denied without prejudice.  Within 90 days of the date of this order, defendants may renotice their motion for summary judgment by filing a notice of renewal.  Alternatively, defendants may file a new brief and supporting papers in support of their motion for summary judgment, and plaintiff must file his opposition to such a motion within 30 days.

DATED:  March 27, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE